Filed 4/21/21 P. v. Diego CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PEDRO ALBERTO DIEGO,<br><br>    Defendant and Appellant. | B303304<br><br>(Los Angeles County Super. Ct. No. YA000719-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Affirmed.

Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

In 1991, a jury convicted defendant and appellant Pedro Alberto Diego (defendant) on murder and attempted murder charges, among others. More recently, defendant petitioned the trial court to vacate his first degree murder conviction and both of his attempted murder convictions pursuant to Penal Code section 1170.95[1] and related amendments made by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437). The trial court appointed counsel for defendant and denied his petition. We consider whether the trial court correctly concluded defendant is ineligible for section 1170.95 relief as a matter of law, and this reduces to two specific questions: (1) could the jury have found him guilty of first degree murder on a natural and probable consequences theory, and (2) does section 1170.95 authorize relief not just for murder convictions but for attempted murder convictions?

## I. BACKGROUND[2]

The Los Angeles County District Attorney charged defendant in an information with two counts of murder: the murder of Charles Long (count one) and the murder of Renee Johnson (count seven). The information alleged a multiple

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Defendant moves us to judicially notice the appellate record in his direct appeal from his convictions (Case Number B059660) and submits electronic copies of volumes one and two of the clerk's transcript and volumes 26 and 27 of the reporter's transcript from that prior appeal. Defendant's motion is granted as to the excerpts of the record provided with his motion (Cal. Rules of Court, rule 8.252(a)(3)), and we rely on those excerpts in setting forth the pertinent background facts for this appeal.

murder special circumstance (§ 190.2, subd. (a)(3)) as to defendant, but not as to his co-defendant Bennie Bellfield—who was not charged with the murder of Long in count one. In addition to the murder charges, defendant was charged with two counts of premeditated attempted murder pertaining to two other victims (counts eight and nine). There were other charged offenses as well, but they are not relevant for our purposes.

Defendant's jury was instructed on the natural and probable consequences doctrine—but only in connection with the *attempted* murder charges in counts eight and nine. As to the murder charges, the jury was instructed on principles of direct aiding and abetting only. The multiple murder special circumstance instruction given to the jury required it to find defendant had the intent to kill Johnson (the victim alleged in count seven of the information) to find the special circumstance allegation true.[3]

The jury convicted defendant on each of the aforementioned murder and attempted charges; the jury found the murder of Johnson (count seven) was first degree murder and the murder of Long was second degree murder. The jury also found the alleged multiple murder special circumstance true. The jury fixed defendant's penalty at life in prison without possibility of parole, and that is the sentence the trial court imposed (with other

---

[3]     The court's instruction, patterned on CALJIC No. 8.80, stated: "As to Count 7, [i]f you find beyond a reasonable doubt that defendant Diego was an aider or abettor then you must also find beyond a reasonable doubt that defendant Diego with intent to kill aided and abetted an actor in commission of the murder in the first degree, in order to find the special circumstance to be true."

particulars that are not relevant for our purposes). This court affirmed the judgment on direct appeal. (*People v. Diego et al.* (Aug. 10, 1993, B059660) [nonpub. opn.] (*Diego I*).)

After passage of SB 1437 in 2018, defendant filed a section 1170.95 petition for resentencing. Defendant, by checking boxes on a pre-printed form, asserted he was convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine but could no longer be convicted of murder because of changes made by SB 1437. The trial court appointed counsel to represent defendant.

The prosecution opposed defendant's petition and argued SB 1437 is unconstitutional and defendant is ineligible for section 1170.95 relief regardless because he was victim Long's actual killer and a direct aider and abettor in the murder of victim Johnson. Defendant's reply brief conceded he was not seeking to vacate his second degree murder conviction for killing Long, only his first degree murder conviction for killing Johnson. The reply made no mention of his attempted murder convictions.

The trial court heard the arguments of counsel at a hearing and later issued an order denying defendant's petition based on its conclusion that he was ineligible for relief as a matter of law. The court found defendant was not entitled to resentencing on his first degree murder conviction because *Diego I* established he was convicted as a direct aider and abettor, not pursuant to the felony murder rule or the natural and probable consequences doctrine. Though defendant's briefing had not presented any other issue for decision, the trial court additionally found defendant was not entitled to resentencing on his second degree murder conviction (because he was victim Long's actual killer) or his attempted

4

murder convictions (because section 1170.95 does not authorize relief for attempted murder).

## II. DISCUSSION

The challenged trial court ruling—that defendant is ineligible for section 1170.95 relief as a matter of law—is correct, even if part of the court's rationale unnecessarily relied on statements made in *Diego I*. The jury instructions given at defendant's trial leave no doubt defendant was convicted of murder as a direct aider and abettor, which is a ground that remains valid notwithstanding SB 1437's amendments to the Penal Code's murder statutes. In addition, and assuming for argument's sake that the question of relief for defendant's attempted murder convictions is properly before us, we follow precedent holding section 1170.95 does not authorize relief for attempted murder convictions.

As the judicially noticed portions of the record from defendant's direct appeal confirm, defendant's jury was not instructed on felony murder and the natural and probable consequences instruction the jury did receive was expressly limited to the attempted murder charges in counts eight and nine. That means the jury could have convicted him of Johnson's murder only as a direct aider and abettor,[4] and *that* means he is ineligible for section 1170.95 relief as to his first degree murder conviction as a matter of law. (§ 1170.95, subd. (a)(3); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 330 [the record of conviction may establish that defendant "is ineligible for relief as a matter

---

[4] The jury's true finding on the multiple murder special circumstance confirms the same.

5

of law because he or she was convicted on a ground that remains valid notwithstanding Senate Bill 1437's amendments to sections 188 and 189"], review granted Mar. 18, 2020, S260493; *People v. Martinez* (2019) 31 Cal.App.5th 719, 723 ["Senate Bill 1437 was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, *did not act with the intent to kill*, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f))"], italics added; see also *People v. Smith* (2020) 49 Cal.App.5th 85, 92 ["If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition"], review granted Jul. 22, 2020, S262835.)

As for defendant's attempted murder convictions, the trial court found section 1170.95 does not authorize vacatur of such convictions, relying on appellate precedent so holding. That is right, as we agree section 1170.95 relief can be had only for murder convictions, not attempted murder convictions. (See, e.g., *People v. Love* (2020) 55 Cal.App.5th 273, 279, review granted Dec. 16, 2020, S265445; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 222-225; *People v. Dennis* (2020) 47 Cal.App.5th 838, 841, review granted Jul. 29, 2020, S262184; *People v. Munoz* (2019) 39 Cal.App.5th 738, 753-769, review granted Nov. 26, 2019, S258234; *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1103-1112, review granted Nov. 13, 2019, S258175.)

## DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.

We concur:



RUBIN, P. J.



KIM, J.